**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OLDHAM GROUP, INC.,**

        **Plaintiff,**

**-vs-**                                                   **Case No. 6:08-cv-332-Orl-31DAB**

**BOB G. DAVIS, BETTY DAVIS,**

        **Defendants.**

# ORDER

This matter comes before the Court on the Motion to Dismiss Amended Complaint (Doc. 26) filed by the Defendants, Bob and Betty Davis, the Response (Doc. 29) filed by the Plaintiff, Oldham Group, Inc. ("Oldham"), and the sur-reply (Doc. 35) filed by the Defendants.

**I.  Background**

In *Davis v. Oldham* – Case No. 6:07-cv-941-31DAB ("*Davis I*") – Bob Davis sued James Oldham and Oldham Group for allegedly breaching a stock purchase agreement and failing to pay a promissory note related to that transaction. *Davis I* was filed in this Court on June 4, 2007. A default final judgment was entered in favor of Bob Davis and against Oldham Group in *Davis I* on April 16, 2008.[1]

---

[1] Judgment was not entered against James Oldham because he filed a suggestion of bankruptcy January 14, 2008, causing the case against him to be stayed. However, on May 12, 2008, the Bankruptcy Court lifted the automatic stay, and a final default judgment was entered against James Oldham on July 18, 2008.

In the instant case ("*Davis II*"), Oldham Group alleged that Bob and Betty Davis fraudulently induced him into, and then breached, the same stock purchase agreement. *Davis II* was filed in the Western District of Tennessee on July 20, 2007, some two weeks after *Davis I* was filed here. On February 28, 2008, the Tennessee court transferred the instant case to this Court under the "first-to-file" rule, finding that the parties and issues in the case "substantially overlap[ped]" with the parties and issues in *Davis I*. The Defendants now seek dismissal of the Amended Complaint (Doc. 26) in this case, arguing that the default judgment against Oldham Group in *Davis I* bars the instant suit on the grounds of res judicata.

## II.     Standards

Under the doctrine of res judicata or "claim preclusion", a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981). Res judicata relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources and, by preventing inconsistent actions, encourages reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). A party seeking to invoke res judicata must establish four elements:

> First, the prior judgment must be valid in that it was rendered by a court of competent jurisdiction and in accordance with the requirements of due process. Second, the judgment must be final and on the merits. Third, there must be identity of both parties or their privies. Fourth, the later proceeding must involve the same cause of action as involved in the earlier proceeding.

*In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir. 1990) (internal citations omitted). A "party," for purposes of former adjudication, includes all who are directly interested in the subject matter and who have a right to make defense, control the proceedings, examine and cross-examine

witnesses and appeal from the judgment if an appeal lies. *Id.* at 1550-51. Claims are considered part of the same cause of action for res judicata purposes when they arise out of the same transaction or series of transactions. *In re Piper Aircraft* at 1296-97 (citing *Justice Oaks* at 1551). "'In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.'" *Id.* (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999)).

After making the initial determination that all four of the preceding elements are present and that res judicata may therefore be invoked, the court next determines whether the claim in the new suit was brought or could have been raised in the prior action. If the answer is yes, res judicata applies. *In re Piper Aircraft* at 1296. However, for res judicata purposes, claims that "could have been brought" are claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action. *In re Piper Aircraft* at 1299 (citing *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354 (11th Cir. 1998)).[2] At all times, the burden is on the party asserting res judicata to show that the later-filed suit is barred. *Id.* at 1296.

---

[2]In *Pleming*, the Court found that res judicata did not bar two employment discrimination claims that resulted from hiring decisions made during the pendency of an earlier (and unsuccessful) suit by the plaintiff against her employer, where the plaintiff had referred to those claims but had not actually raised them in the earlier suit. *In re Piper* at 1298.

### III.   Analysis

Oldham Group argues that *res judicata* does not apply to this case for two reasons: because its fraud claim was not raised in *Davis I* and because Betty Davis was not a party to that case. A cursory review of the operative complaints in the two cases shows that the breach and fraud allegations in this case arise from the same nucleus of operative fact as the breach allegations in *Davis I*. As such, this case involves the same cause of action as the previous case, and the final judgment entered against Oldham Group in *Davis I* bars these claims. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss Amended Complaint (Doc. 26) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 29, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party